# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---:|
| VERSUS | No. 14-58 |
| BRENT M. GUZZARDO | SECTION I |

## ORDER & REASONS

Before the Court is *pro se* petitioner Brent M. Guzzardo's ("Guzzardo") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] For the following reasons, the motion is denied.

## I.

On February 25, 2014, a Tangipahoa Parish Sheriff's department narcotics detective, through a confidential source, conducted an undercover purchase of methamphetamine from Guzzardo.[2] The purchase took place at Guzzardo's residence and was recorded via a camera worn by the confidential source.[3] At the time of the purchase, the confidential source noticed a revolver on the desk where Guzzardo was weighing the methamphetamine.[4] Two days later, the confidential source met Guzzardo at a daiquiri shop in Amite, Louisiana and again purchased

---

[1] R. Doc. No. 46. Guzzardo's § 2255 petition as well as the underlying criminal case against him were recently re-allotted to this section of the Court following the elevation of former Chief Judge Kurt D. Engelhardt to the United States Court of Appeals for the Fifth Circuit.
[2] R. Doc. No. 35, at 1–2.
[3] *Id.* at 2.
[4] *Id.*

methamphetamine from him.[5] This transaction was also recorded via a camera worn by the confidential source.[6] Following the two sales, the confidential source reported threats made against him by Guzzardo and indicated his belief that Guzzardo suspected his involvement with law enforcement.[7]

On March 12 2014, the Tangipahoa Parish Sheriff's department and a Drug Enforcement Agency (DEA) task force executed a state authorized search warrant at Guzzardo's residence and business.[8] As law enforcement entered Guzzardo's residence, Guzzardo attempted to throw out two baggies of methamphetamine.[9] Agents also observed a large chunk of methamphetamine in the bedroom.[10] Agents recovered a digital scale, United States currency, and a loaded revolver.[11]

Guzzardo later admitted that the methamphetamine belonged to him, and that he was distributing the drug in gram quantities.[12] He also admitted that the weapon belonged to him, and that he possessed it for protection.[13] Additionally, he stated that he had just conducted a sale to an individual prior to the agents' arrival at his residence.[14]

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 2–3.
[9] *Id.* at 3.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

Guzzardo was indicted by a grand jury and charged with four counts of various drug and firearm offenses.[15] In March 2015, Guzzardo pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[16] In June 2015, Chief Judge Engelhardt sentenced Guzzardo to a term of imprisonment of 46 months as to the drug offense and 60 months as to the firearm offense, to be served consecutively.[17]

Guzzardo did not file a direct appeal. He now seeks collateral review of his sentence. The government does not challenge the timeliness of his motion.

## II.

Guzzardo argues that recent Supreme Court precedent entitles him to relief.[18] Specifically, Guzzardo cites *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [ACCA] violates the Constitution's guarantee of due process," and *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that *Johnson* applies retroactively to cases on collateral review.

---

[15] R. Doc. No. 9.
[16] R. Doc. No. 33; R. Doc. No. 34.
[17] R. Doc. No. 43.
[18] *See* R. Doc. No. 46.

3

## A.

At the outset, the Court notes that Guzzardo appears to have waived his right to pursue collateral review of his sentence.[19] Notwithstanding, the Court concludes that *Johnson* and *Welch* would have no effect in this case. After all, Guzzardo's sentence was not enhanced under the residual clause that *Johnson* invalidated. At issue in *Johnson* was 18 U.S.C. § 924(e)(2)(B)(ii), the residual clause of the ACCA, which defined the term "violent felony" to include "conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555–56. The Supreme Court determined that this language was too imprecise, such that it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." *Id.* at 2557. Accordingly, it held the clause to be unconstitutionally vague.

This holding, however, has no bearing on the present case. Guzzardo pleaded guilty under 18 U.S.C. § 924(c)(1)(A) to possession of a firearm in furtherance of a drug trafficking crime.[20] The Court sentenced Guzzardo to 60 months with respect

---

[19] Guzzardo's plea agreement provides:

> [T]he defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily . . . [w]aives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind . . . The defendant [] retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

[20] R. Doc. No. 95.

to this firearm offense, but at no point did it rely on the ACCA's residual clause. Hence, Guzzardo cannot avail himself of the rights the Supreme Court recognized in *Johnson* and *Welch*.

Insofar as Guzzardo attempts to rely on *Johnson*'s reasoning to argue that § 924(c)(1) is also unconstitutionally vague, the Fifth Circuit has declined to extend *Johnson*'s holding that far. *See United States v. Chapman*, 851 F.3d 363, 375 (5thg Cir. 2017) ("Perry's § 924(c) convictions are not affected by any alleged infirmity in the risk of force definition of crime of violence because the convictions' predicate offenses are not based on his having committed a crime of violence. Rather, they are based on his having committed drug trafficking crimes."); *see also United States v. Vigil*, No. 16-CV-259, 2016 WL 9107349 (W.D. Tx. Sept. 29, 2016) ("*Johnson* has no effect on convictions for § 924(c) based on drug trafficking crimes, and Movant's § 2255 is futile in this regard."). Guzzardo's *Johnson* argument, therefore, fails.

Accordingly,

**IT IS ORDERED** that the defendant's motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendant's motion for appointment of counsel is **DENIED**.

New Orleans, Louisiana, May 21, 2018.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**