# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 14-58 |
| BRENT M. GUZZARDO | SECTION I |

## ORDER & REASONS

Before the Court is defendant Brent Guzzardo's ("Guzzardo") second motion[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Guzzardo previously filed a motion under § 2255, which the Court denied, dismissing his post-conviction application with prejudice.[2]

Section 2255 allows a prisoner in federal custody to bring a motion to vacate, set aside, or correct his sentence in the court that imposed the sentence when that prisoner claims a

> right to be released upon a ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without the jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

§ 2255(a). However, the Anti-Terrorism and Effective Death Penalty Act "requires a prisoner to obtain authorization from a federal court of appeals in his circuit before he may file a 'second or successive' habeas application in federal district court."

---

[1] R. Doc. No. 62.
[2] R. Doc. Nos. 46, 59.

*United States v. Jones*, 796 F.3d 483, 484–85 (5th Cir. 2015) (citing 28 U.S.C. § 2244(b)(3)(A)). "A movant's failure to seek authorization from [the circuit court] before filing a second or successive section 2255 motion acts as a jurisdictional bar." *In re Hartzog*, 444 F. App'x 63, 64–65 (5th Cir. 2011).

Guzzardo's motion has not been certified by the United States Fifth Circuit Court of Appeals in accordance with § 2244 and § 2255(h). Therefore, the Court elects to transfer the motion to the Fifth Circuit for authorization. *See id.* at 65 (explaining that, if a second or successive § 2255 motion "is filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court.").

Accordingly,

**IT IS ORDERED** that the motion is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

New Orleans, Louisiana, November 7, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**